**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**STEVEN BRAGGS,**

> Petitioner,

**v.**

> **Civil Action No.: 5:18cv152
> (Judge Stamp)**

**FREDERICK ENTZEL, Warden,**

> Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On September 12, 2018, Petitioner Steven Braggs ("Petitioner"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ECF No. 1 (the "Petition"). On September 17, 2018 Petitioner paid the $5 filing fee. ECF No. 4. On March 18, 2019, the Court entered an Order to Show Cause why the Petition should not be granted. ECF No. 7. On April 8, 2019, Respondent filed  a Motion to Dismiss the Petition or, in the Alternative, a Motion for Summary Judgment. ECF No. 10. On April 8. 2019, the undersigned entered an Order and Roseboro Notice [ECF No. 12], informing Petitioner of his right and obligation to respond to the Government's motion within 21 days. To date, the Petitioner has failed to respond. The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied.

### II.   BACKGROUND

Petitioner is a federal inmate serving a 135 month term of imprisonment for a conviction of being a felon in possession of a firearm. ECF No. 11-1 at p. 8. The sentence was imposed on September 10, 2015, in the United States District Court for the District of Massachusetts. Id. His projected release date is March 23, 2024, via good conduct time. Id. at p. 9.

On May 7, 2018,  a staff member at FCI Schuylkill was conducting a random search of Cell 114 in Unit 2B,  which was occupied by Petitioner and another inmate. Upon entering the cell, the staff member heard a distinct cell phone vibration. Upon further inspection, he discovered a black charger hanging from an inmate fan. Once he pulled the fan out from underneath the bunk, he located a black and grey Verizon 4G LTE smartphone plugged into the charger. ECF No. 11-1 at p. 13. Accordingly, Petitioner was charged with Code 108 prohibited offense of Possession of Hazardous Tool (Cell Phone)." Id. Petitioner received a copy of Incident Report 3121440 on May 31, 2018 at 6:40 p.m.  Id.

 The incident report was then forwarded to the Unit Disciplinary Committee ("UDC"). Petitioner made no comment to the UDC, and on June 4, 2018, the UDC referred the matter to the Disciplinary Hearing Officer ("DHO") with a recommendation that if Petitioner were found guilty, he should receive appropriate sanctions. ECF No. 11-1 at p, 13.

On June 4, 2018, Petitioner received Notice of a Disciplinary Hearing before the DHO [ECF No. 11-1 at p.18] and a notice of Inmate Rights at Discipline Hearing. Id. at p. 20. Petitioner signed both forms and indicated that he did not wish to have a staff member represent him at the hearing and did not wish to call any witnesses. Id. at p. 18.

On June 26, 2018, the DHO held Petitioner's disciplinary hearing. Id. at p. 22. Ultimately, the DHO found that Petitioner was guilty of the act as charged and sanctioned him with the loss of 41 days Good Conduct Time, 30 days Disciplinary Segregation, 6 months loss of phone privileges, 6 months loss of commissary privileges, and 6 months loss of visitation privileges. Id. at p. 23.   The DHO report was prepared on July 26, 2018 and delivered to Petitioner on July 31, 2018.

The DHO detailed the evidence upon which he had relied when finding Petitioner guilty. Id. at p. 23. Specifically, the DHO stated that he had relied upon, *inter alia*, the written report  of the reporting staff member, the photograph of the cell phone and Petitioner's testimony in which he admitted section 11 of the incident report was accurate. Specifically, Petitioner  testified "guilty. I'm not going to waste your time." Id. The report also included the reasons for Petitioner's sanctions. To illustrate, the report provided that:

> Possessing a cell phone in a correctional institution inherently jeopardizes the security and good order of the institution. The rationale for the sanctions imposed in this case, therefore, is to punish the inmate for his misconduct, which is viewed as having an adverse effect on the security and orderly operation of the institution, as well as to deter future misconduct. Disciplinary segregation is imposed as punishment for misconduct. Disallowed Good Conduct Time is imposed to demonstrate that engaging in misconduct will prolong [Petitioner's] period of incarceration. Loss of commissary, telephone and visiting privileges are imposed to demonstrate that engaging in misconduct will result in the loss of pleasurable privileges while incarcerated.

ECF No. 11-1 at p. 23.

The DHO Report advised  Petitioner that he had the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. Petitioner did not file an appeal.

### III  <u>PLEADINGS</u>

**A.      The Petition**

Petitioner asserts that the BOP violated his right to due process and violated the

<u>Accardi</u> Doctrine. In support of this assertion, Petitioner alleges that his appeal had to

be in the regional office within 20 days of the hearing. However, he did not receive a

copy of  the report until 35 days after the hearing. Accordingly, Petitioner asks that

exhaustion be excused because the BOP's failures caused him to lose the ability to

appeal.  For relief, Petitioner requests that this court vacate his conviction for offense

Code 108, restore his privileges, including his 41 days of Good Conduct Time and

restore his custody classification to the appropriate level.

**B.      Respondent's Motion to Dismiss or for Summary Judgment**

Respondent advances the following arguments in response to the petition:

1.  Petitioner filed his habeas petition without first exhausting his administrative

     remedies, and he has not established that administrative review was

     unavailable or futile.

2.  Even if Petitioner had exhausted his administrative grievances, he has not

     pleaded a cognizable legal claim because he received all the due process to

     which he was entitled.

3.  The evidence relied upon by the DHO was sufficient for a finding of guilty.

### IV. <u>Legal Standard</u>

**1.      Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding facts, the merits of a claim, or the

4

applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. <u>Mylan Labs, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir.1993); <u>see also</u> <u>Martin</u>, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." <u>Conley</u>, 355 U.S. at 45-46. In <u>Twombly</u>, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations" but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Id.</u> at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," <u>id.</u> (citations omitted), to one that is "plausible on its face," <u>id.</u> at 570, rather than merely "conceivable." <u>Id.</u> Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." <u>Bass v. E.I.DuPont de Nemours & Co.</u>, 324 F.3d 761, 765 (4th Cir.2003) (citing <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 213 (4th Cir. 2002); <u>Iodice v. United States</u>, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint

5

must meet a "plausibility" standard, instituted by the Supreme Court in <u>Ashcroft v. Iqbal</u>, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft</u>, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. <u>Id.</u>

### 2. Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. <u>See</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 80 (1977). So, too, has the Fourth Circuit Court of Appeals. <u>Maynard v. Dixon</u>, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. <u>Miller v. Federal Deposit Ins. Corp.</u>, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." <u>Id.</u> "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."

Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

## V. **DISCUSSION**

A federal prisoner challenging a disciplinary proceeding under § 2241 must exhaust his administrative remedies prior to filing suit.  See McCling v. Shearin, 90 F. Appx. 444, 445 (4th Cir. 2004).  Moreover, the "[f]ailure to exhaust may only be excused upon a showing of cause and prejudice." Id.

With regard to disciplinary actions, the exhaustion of administrative remedies is initiated by first filing an appeal of the disciplinary action with the Regional Office within 20 days of receiving **written notification** of the disciplinary action. See 28 C.F.R. § 542.14(d)(2) (emphasis added).  If unsatisfied with that response, the petitioner may file an appeal with the Central Office within 30 days of the date the Regional Director signed the response. Id. Where an appeal is rejected at the Regional Level, and the inmate is not given the opportunity to correct the defect and resubmit, the inmate may appeal that rejection to the Central Office.  See 28 C.F.R. § 542.17(c).  The Central Office may affirm the rejection, may direct the submission be accepted at the lower level, or may accept the submission as filed. Id. "Appeal to the General Counsel is the final administrative appeal." See 28 C.F.R. § 542.15(a).

Here, there is no dispute that Petitioner failed to exhaust his administrative remedies regarding his disciplinary proceeding. Petitioner alleges that the BOP failed to provide him with written findings of fact within the "20 day period," thereby failing to follow its own policy and preventing him from being able to appeal.  Accordingly, Petitioner maintains that the BOP violated the Accardi Doctrine[1].

Following a disciplinary hearing, BOP policy requires the DHO to provide the inmate with a written report. See 28 C.F.R. § 541.8(h). The requirement and procedures for the written report are as follows:

(h) Written Report. You will receive a written copy of the DHO's decision following the hearing. The DHO is not required to prepare a verbatim record of the hearing. The DHO's written report will document the following:

(1) Whether you were advised of your rights during the DHO process;
(2) The evidence relied on by the DHO;
(3) The DHO's decision;
(4) The sanction imposed by the DHO; and
(5) The reason(s) for the sanction(s) imposed.

As evidence by these requirements, 28 C.F.R. 541.8(h) does not provide a time period for when the DHO's written report is to be provided to an inmate. However, BOP Program Statement 5270.09 provides that **ordinarily** the DHO gives the inmate a written copy of the decision and disposition within 15 working days after the DHO makes his/her decision. Therefore, the policy does not mandate that the inmate received the report within 15 days or within any specified time. Therefore, there is no violation of the Accardi Doctrine, and Petitioner's pending habeas petition is subject to

---

[1] The Accardi Doctrine provides that when an agency fails to follow its own procedures or regulations, that agency's actions are generally invalid. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954).

dismissal for failure to exhaust. Moreover, even if the Court were inclined to excuse exhaustion, his petition fails to state a proper ground for relief.

Prison disciplinary proceedings are not criminal prosecutions. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Therefore, prisoners do not enjoy "the full panoply of due process rights [in prison disciplinary proceedings that are] due a defendant in . . . [criminal] proceedings." Id. When a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

1.  giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2.  providing the prisoner a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action;

3.  allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

4.  permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

5.  providing impartial fact finders.

Id. at 564-571.

In the present case, the undersigned finds that Petitioner was provided all the due process required of disciplinary proceedings. First, Petitioner received written notice of the charges against him more than twenty-four hours before his disciplinary hearing. Petitioner's disciplinary hearing was held on June 26, 2018, and he was provided with his Incident Report on May 31, 2018. Therefore, Petitioner received a copy of the Incident Report more than twenty-four hours before the disciplinary hearing.

Second, after the disciplinary hearing, Petitioner was provided with a report of what occurred during the hearing, which included the evidence upon which the DHO had relied and the reasons for Petitioner's sanctions. Third, Petitioner was afforded the opportunity to call witnesses on his own behalf, which he declined, and to present a defense during the hearing. Fourth, Petitioner was advised of and declined his right to a staff representative during the hearing. Finally, Petitioner was provided with an impartial fact finder during his disciplinary hearings because, in accordance with BOP regulations, the DHO was not a reporting official, investigating officer, UDC member or witness and did not play a role in referring the charges. See 28 C.F.R. § 541.16(b).

The results of a prison disciplinary proceeding will be upheld so long as there is "some evidence" to support the decision. Superintendent v. Hill, 472 U.S. 455. (1985). When determining whether this standard is satisfied:

> [No] examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence [is needed]. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached . . . .

Id. at 457. In this case, the DHO found Petitioner had committed the act of possession of a hazardous tool, in violation of Prohibited Act Code § 108. Because the cell phone was found in Petitioner's cell, and he admitted his guilt to the charge,  the undersigned finds that the DHO's decision is supported by some evidence.

Finally, the undersigned notes that a petition for habeas corpus relief allows a federal inmate to seek "immediate release or a speedier release from" confinement. Presier v. Rodriquez, 411 U.S. 475, 498 (1973). Therefore a § 2241 claim only permits a petitioner to assert a liberty interest. In the instant case, aside from the loss of GCT, Petitioner's sanctions, including loss of commissary, phone and visitation privileges do

not involve a liberty interest, because they do not impact the length of his confinement. Therefore, they do not state a claim for relief.

Likewise, to the extent that Petitioner alleges that the BOP improperly changed his security classification, the same is not cognizable in a habeas petition. A federal prisoner has no constitutional right to a specific custodial security classification. Moody v. Daggert, 429 U.S. 78, 88, n 9 (1978). An inmate's classification is administrative and prison officials can change an inmate's security classification "for almost any reason or no reason at all." Brown v. Ratledge, No. 7-16-CV-00303, 2017 WL 4404248, at *7 (W.D. Va. Sept. 29, 2017, aff'd, 709 F. Appx. 215 (4th Cir. 2018) (per curiam) (unpublished) (citations omitted). Moreover, any challenge to a custody or security classification is not cognizable in a 2241 habeas petition because such a challenge addresses the conditions of confinement and not the fact or duration of incarceration. See Moore v. Driver, No. 1:07CV166, 2008 WL 4661478, at 3 (N.D.W. Va. Oct. 21, 2008) (an inmate "cannot bring his claim regarding his custody classification in the context of § 2241 petition, because § 2241 petitions generally cannot be used to challenge conditions of confinement") (citing Preiser, 411 U.S. at 499-500).

## VI. RECOMMENDATION

For the foregoing reasons, it is hereby recommended that Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [ECF No. 10] be **GRANTED**, and the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court **specific written objections**

**identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATE: September 5, 2019

*/s, James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE