IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEVEN BRAGGS,

    Petitioner,

v.                                      Civil Action No. 5:18CV152
                                                   (STAMP)

FREDERICK ENTZEL, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
DISMISSING CIVIL ACTION WITH PREJUDICE**

I.  Background

The pro se[1] petitioner, Steven Braggs, is incarcerated at FCI Hazelton where he is serving a sentence imposed by the United States District Court for the District of Massachusetts. ECF No. 1 at 1-2. The petitioner filed a Petition for Habeas Corpus Under 28 U.S.C. § 2241, in which he states he "received an incident report (No. 3121440) based on an officer's discovery of a cell phone on 5-7-2018." ECF No. 1-1 at 1. According to the petitioner, "[t]he [Disciplinary Hearing Officer ("DHO")] conducted a hearing on 6-26-2018, finding [the petitioner] guilty of the offense, 108 - possession of a hazardous tool." Id. The petitioner states that the DHO "imposed a sanction of loss of good conduct time (41 days); Disciplinary Segregation (30 days); Loss of

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

commissary, telephone, and visitation for 6 months." Id. The petitioner alleges that he was provided "the written findings [on] 7-31-18, which was 35 days after the hearing, violating the policy of 20 days, and denying [the petitioner] an opportunity to appeal." Id. For relief, the petitioner seeks that this Court "vacate [his] conviction/expunge [his] record restore [his] good conduct time." ECF No. 1 at 8.

The respondent then filed a motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 10) and a memorandum in support thereof (ECF No. 11). In his memorandum in support, the respondent first asserts that the petitioner received all due process required by Wolff v. McDonnell, 418 U.S. 539 (1974), regarding Incident Report No. 3121440. ECF No. 11 at 9. Specifically, the respondent states that the petitioner: (1) received written notice of the charges against him more than twenty-four hours in advance of his DHO hearing; (2) was provided a detailed statement of the facts giving rise to the charge against him; (3) was offered, but declined an opportunity to present witnesses and documentary evidence on his behalf; (4) was offered, but declined the assistance of a staff representative; and (5) was provided an impartial decision-maker who based his decision solely on the facts presented at the hearing. Id. at 9-10. Moreover, the respondent asserts that the petitioner fails to explain how delivery of the DHO report prevented him from appealing the

2

decision.  Id. at 10.  The respondent cites 28 C.F.R. § 541.8(h), stating that the regulations do not provide a time period for when the DHO written report is to be provided.  Id. at 11.  Further, the respondent contends that the evidence relied upon by the DHO was sufficient for a finding of guilt in the petitioner's case.  Id. at 12.  Specifically, the respondent states that the DHO relied upon (1) the written report of Senior Officer R. Zigarski; (2) documentary evidence in the form of a photograph visually depicting the cell phone and altered fan; and (3) the petitioner's admission of guilt.  Id. at 13.  Third, the respondent asserts that the petitioner has failed to exhaust his administrative remedies regarding Incident Report No. 3121440.  Id. at 14.  In support, the respondent states that the petitioner: (1) has not filed any administrative requests and (2) admits that he did not exhaust his administrative remedies.  Id. at 15.

The petitioner did not file a response to the respondent's motion to dismiss.  The Court sent a Roseboro[2] notice, notifying the petitioner of his right and obligation to file a response to the respondent's motion to dismiss or, in the alternative, motion for summary judgment.  ECF No. 12.  The petitioner received the Roseboro notice (ECF No. 12) on April 11, 2019.  ECF No. 13.

This civil action was referred to United States Magistrate Judge James P. Mazzone under Local Rule of Prisoner Litigation

---

[2]Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

3

Procedure 2. Magistrate Judge Mazzone issued a report and recommendation recommending that the respondent's motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 10) be granted, and that the petitioner's petition be denied and dismissed with prejudice. ECF No. 14 at 11. The petitioner did not file objections to the report and recommendation. For the following reasons, this Court affirms and adopts the report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to findings where no objections were made, such findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his report and recommendation, the magistrate judge correctly found that the petitioner failed to exhaust his remedies. Id. at 8. The magistrate judge properly noted that although the petitioner maintains that the Bureau of Prisons ("BOP") failed to

4

provide him with written findings preventing him from appealing, BOP policy does not mandate that an inmate receive a report within a specified time.  Id.  Therefore, the magistrate judge correctly concluded that there is no violation of the Accardi[3] Doctrine, and the petitioner's habeas petition is subject to dismissal for failure to exhaust.  Id. at 8-9.  Moreover, the magistrate judge properly determined that the petition fails to state a proper ground for relief.  Id. at 9.  Specifically, the magistrate judge correctly found that the petitioner was provided all the due process that is required in disciplinary proceedings, and that the DHO's decision was supported by "some evidence" in accordance with Superintendent v. Hill, 472 U.S. 455 (1985).  Id. at 9-10.  Lastly, the magistrate judge properly stated that a § 2241 claim only permits a petitioner to assert a liberty interest and that loss of good credit time, the sanctions that petitioner was subject to, and changes in the petitioner's security classification do not involve a liberty interest.  Id. at 10-11.

Upon review, this Court finds no clear error in the determinations of the magistrate judge and thus upholds his recommendation.

---

[3]United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954).

5

IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 14) is AFFIRMED and ADOPTED in its entirety. The respondent's motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 10) is GRANTED, and the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITH PREJUDICE.

This Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    October 1, 2019

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE